UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                                  Chapter 7

DON KARL JURAVIN,                                       Case No. 6:18-bk-06821-KSJ

    Debtor.                                     Case No. 6:20-bk-01801-KSJ

_____/                       *Jointly Administered with*
                                                        Case No. 6:18-bk-06821-KSJ
DON KARL JURAVIN,
Case No. 6:18-bk-06821-KSJ

    Applicable Debtor.

_____/

DENNIS D. KENNEDY,
AS CHAPTER 7 TRUSTEE OF THE
ESTATE OF DON KARL JURAVIN,                             Adv. Pro. No. _____

    Plaintiff,

v.

JURAVIN, INCORPORATED,
AN INACTIVE FLORIDA CORPORATION;
JURAVIN, INCORPORATED, A FLORIDA
CORPORATION; and ANNA JURAVIN,

    Defendants.

_____/

## **COMPLAINT**

Dennis D. Kennedy, as Chapter 7 Trustee for the Estate of Don Karl Juravin ("Trustee"),

through counsel, hereby files this Complaint for Alter Ego, Turnover, and to Avoid and Recover

Fraudulent Transfers against Juravin, Incorporated, an Inactive Florida Corporation ("JINC");

Juravin, Incorporated, a Florida Corporation ("Juravin, Incorporated"), and Anna Juravin pursuant

to 11 U.S.C. §§ 542, 544, 548, and 550 and Chapter 726, *Florida Statutes* ("FUFTA"), and in

support thereof, alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 28

U.S.C. §§ 1334 and 157.

2.      Venue is proper in this district under 28 U.S.C. § 1409.

3.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157

(b)(2)(A), (E), and (H).

## BACKGROUND

### *The Debtor's Business Affairs.*

4.      From 2009 through at least 2016, Debtor was an owner, officer, or representative

of numerous entities, including without limitation, Roca Labs, Inc. ("Roca Labs"); Roca Labs

Nutraceutical USA, Inc. ("RLN"); Must Cure Obesity, Co. ("MCO"); Juravin, Incorporated

("JINC"); and Zero Calorie Labs, Inc. ("ZCL") (collectively, the "Juravin Entities").

5.      Debtor exercised authority and control over the Juravin Entities' advertising and

sale of dietary supplements and food products, including the Roca Labs "Formula" and "Anti-

Cravings" powder, to consumers throughout the United States, as a safe and cost-effective

alternative to gastric bypass surgery to combat obesity and achieve substantial weight-loss.

6.      Individual consumers paid the Debtor and/or the Juravin Entities hundreds of

dollars for these worthless weight loss products which were nothing more than a fake medical

regime purportedly designed to help consumers lose weight.

7.      Debtor and the Juravin Entities intended to deceive consumers by marketing the weight-loss products so that the consumers would buy the weight-loss products and enrich the Debtor.

8.      At all times material hereto, acting alone or in concert with others, Debtor formulated, directed, controlled, had the authority to control, or participated in the false advertising and other deceptive business practices perpetrated by the Juravin Entities.

9.      Debtor and the Juravin Entities operated as a common enterprise while engaging in deceptive business practices and fraudulent activities.

10.     Each of the Juravin Entities was created to further the deceptive and fraudulent weight-loss scam, or to conceal funds of the scam or of other scams created or perpetrated by the Debtor.

11.     Each of the Juravin Entities was created, formed, and operated for an improper purpose.

12.     At all times material hereto, Debtor had authority and control over the Juravin Entities.

13.     At all times material hereto, the Juravin Entities were mere instrumentalities of the Debtor.

14.     At all times material hereto, Debtor used the bank accounts of the Juravin Entities as his own personal piggy bank.

15.     At all times material hereto, Debtor maintained control of the accounts of the Juravin Entities.

16.     At all times material hereto, Debtor transferred substantial funds between and among the bank accounts of the Debtor and the Juravin Entities.

17.    For example,[1] in the four-year period prior to the Juravin Petition Date the Debtor transferred the following:

    a.    at least $2,202,915.58 from his personal accounts to accounts held by MCO;

    b.    at least $2,833,206.28 from MCO's accounts to his personal accounts;

    c.    at least $1,000,077.00 from MCO's accounts to JINC's accounts;

    d.    at least $2,005,557.00 from his personal accounts to JINC's accounts;

    e.    at least $587,392.15 from JINC accounts to the Debtor's personal accounts;

    f.    at least $476,710.05 from the JINC accounts to MCO's accounts;

    g.    at least $964,400.00 from his personal accounts to accounts held by RLN.

18.    From November 1, 2012 to January 29, 2016, the Debtor transferred the at least $1,834,731.43 from RLN's accounts to his personal accounts, and at least $1,160,100.00 from RLN's accounts to JINC's accounts.

19.    Due to the Debtor's intermingled accounts, and the extent of the transfers between and among such accounts, a transfer from an account associated with an Juravin Entity constitutes a transfer of property of the Debtor.

## **PROCEDURAL HISTORY**

### *The FTC Case.*

20.    On September 24, 2014, the Federal Trade Commission ("FTC") filed a Complaint for Permanent Injunction and Other Equitable Relief, initiating case number 8:15-cv-02231, in the United States District Court for the Middle District of Florida ("FTC Case"), against Roca Labs;

---

[1] The specific transfers referenced in this paragraph and the following paragraph are meant as examples only. The Debtor failed to adequately respond to discovery in this case and the Trustee obtained a "break order" (Doc. No. 502) to gain access to the Debtor's electronic records. The Trustee has only recently obtained access to those records, which will likely disclose more transfers of this type.

RLN; Don Juravin; and George C. Whiting, alleging claims for deceptive trade practices under Sections 5(a) and 12 of the Federal Trade Commission Act.

21.    On February 19, 2016, the FTC filed an Amended Complaint to name additional defendants: MCO; JINC; and ZCL.

22.    The FTC alleged that Debtor and his codefendants falsely or deceptively advertised their weight-loss products, causing over $25 million in consumer injury.

23.    The FTC also alleged Debtor and his codefendants unfairly used non-disparagement clauses in their sale terms for these products as part of their scheme, purporting to prohibit consumers from making truthful or non-defamatory negative comments or reviews about Debtor and his codefendants, their products, or their employees.

24.    The District Court entered a temporary restraining order against Debtor and his codefendants to halt their fraudulent scheme, and later entered a preliminary injunction and asset freeze order.

25.    In April 2018, the FTC moved for summary judgment against Debtor and his codefendants on all counts, including its claim for monetary relief.

26.    Debtor, who was represented by counsel throughout the FTC Case, opposed the FTC's motion and moved for partial summary judgment solely on the unfair non-disparagement clause claim.

27.    In September 2018, the District Court issued an order granting summary judgment to FTC on all counts as to liability, but requiring further briefing as to the amount of monetary relief.

28.    The District Court denied Debtor's motion for partial summary judgment.

29.    In the Summary Judgment Order, the District Court found that Debtor and his codefendants were liable for violating Sections 5 and 12 of the FTC Act because they:

a.    made false and unsubstantiated weight-loss claims about their products;

b.    falsely claimed that use of their products was scientifically proven to have a ninety-percent success rate in forcing users to eat half their usual food intake and cause substantial weight loss;

c.    deceptively failed to disclose their financial relationship to testimonialists who worked for them, and their control of a supposedly independent and objective information website that they used to promote their products;

d.    misrepresented the nature of that purportedly independent site;

e.    misrepresented that they would keep their customers' private health information confidential;

f.    misrepresented that consumers had agreed to non-disparagement clauses in exchange for a substantial discount on the products;

g.    unfairly suppressed negative information about Debtor and his codefendants and their falsely advertised products, to the detriment of subsequent purchasers, by making threats to sue, and filing of lawsuits against, dissatisfied consumers for violating non-disparagement clauses in their online sales contracts.

30.    Further, the Honorable Mary Scriven of the United States District Court for the Middle District of Florida found Debtor jointly and severally liable with the Juravin Entities for their deceptive conduct because they operated as a common enterprise under his ownership and control, with common officers, business functions, employees, and office locations, he knew about

the false and deceptive representations, he participated in the deceptive acts, and he had authority to control them.

31.    On November 6, 2018, the District Court issued an order for $25,246,000.00 in monetary relief against Debtor and his codefendants.

32.    On January 4, 2019, the District Court entered a permanent injunction and a Final Judgment against Debtor and the Juravin Entities in the amount of $25,246,000.00.

### The Juravin Bankruptcy Case.

33.    On October 31, 2018 (the "Juravin Petition Date"), the Debtor, Don K. Juravin, filed this Chapter 7 bankruptcy case (the "Juravin Bankruptcy Case").

34.    The Trustee was duly appointed as the Chapter 7 Trustee.

35.    On September 16, 2019, upon the Debtor's motion, the Juravin Bankruptcy Case was converted to Chapter 11 from Chapter 7.

36.    On March 16, 2020, after sustaining all objections to confirmation of the Debtor's proposed Chapter 11 plan and finding that the Debtor "is unable to articulate any reasonable way to succeed in [the] Chapter 11 case", the Court re-converted the case back to Chapter 7.

37.    On October 5, 2020, the United States Trustee conducted a chapter 7 trustee election.

38.    Trustee was duly elected as Chapter 7 Trustee.

### The MCO Bankruptcy Case.

39.    On January 31, 2020, Must Cure Obesity, Co. filed a voluntary Chapter 11 bankruptcy case, case number 6:20-bk-1801 (the "MCO Bankruptcy Case").

40.    On May 29, 2020, the MCO Bankruptcy Case converted from Chapter 11 to Chapter 7.

41.     On May 29, 2020, Trustee was appointed as the Chapter 7 Trustee in the MCO Bankruptcy Case.

42.     On November 19, 2020, the Court ordered the Juravin Bankruptcy Case and the MCO Bankruptcy Case to be jointly administered.

## FACTUAL ALLEGATIONS

### The Parties

*The Trustee*

43.     Plaintiff is the Chapter 7 Trustee for the bankruptcy estate of Don K. Juravin.

44.     Dennis D. Kennedy, also serves as the chapter 7 trustee for the estate of MCO in the MCO Bankruptcy Case.

*JINC*

45.     JINC is one of the several Juravin Entities that was subject to the FTC Final Judgment.

46.     JINC was originally named Electronic Power Industries Inc. when it was first incorporated with the Florida Division of Corporations on December 13, 2013.

47.     At that time, Hal E. Heshkowitz, the Debtor's long-time accountant, was the registered agent.

48.     The Debtor was listed as "PSTD", or President, Secretary, Treasurer, and Director, with the Florida Division of Corporations.

49.     On December 20, 2013, the Debtor changed the name of the company to Juravin, Incorporated.

50.     Starting in 2016, JINC's principal address was listed as 15118 Pendio Drive, Montverde, FL 32756, which is the Debtor's residence.

51.    According to the Debtor's Schedules, at Schedule A/B, Debtor was the 100% owner of JINC as of the Petition Date.

52.    According to the Debtor's Schedules, at Schedule A/B, JINC had no value as of the Juravin Petition Date.

53.    On September 27, 2019, JINC was administratively dissolved for failure to file an annual report.

54.    On May 29, 2020, the Trustee filed its Motion to Approve Sale of Assets Subject to Overbid and for Approval of Overbid Procedures ("Sale Motion"), pursuant to which the Trustee proposed selling all of the Debtor's interest in JINC.

55.    Eventually, on September 2, 2020, the Debtor's interest in JINC was sold to Wilmington Financial Services, LLC, pursuant to this Court's Final Order Granting Chapter 7 Trustee's Motion to Approve Sale of Assets Subject to Overbid and for Approval of Overbid Procedures.

*Juravin, Incorporated and Anna Juravin*

56.    On July 23, 2020, (after the filing of the Trustee's Sale Motion), Anna Juravin formed Juravin, Incorporated through the Florida Division of Corporations by filing Electronic Articles of Incorporation.

57.    An Affidavit of the Debtor, dated July 31, 2020, is attached to the Electronic Articles of Incorporation.

58.    In the Affidavit, the Debtor states that he is the president of the dissolved JINC corporation.

59.    The Debtor further states in the Affidavit that "Juravin Incorporated [JINC] has no intention of reinstating, therefore, [sic] releasing the name for use to another entity."

60.     The Debtor intended to, and in fact, did release the "Juravin, Incorporated" name to his wife, Anna Juravin.

61.     Anna Juravin formed a new entity with the name of Juravin, Incorporated.

62.     Anna Juravin is listed as the registered agent and "PSTD", or president, secretary, treasurer, and director, of Juravin, Incorporated.

63.     Juravin, Incorporated's principal place of business is 15118 Pendio Drive, Montverde, Florida 32756, which is the residence of both the Debtor and Anna Juravin.

64.     15118 Pendio Drive, Montverde, Florida 32756 was also the principal place of business of the (now allegedly dissolved) JINC entity.

65.     Anna Juravin is an insider of the Debtor and the Juravin Entities, and an insider of Juravin, Incorporated.

### The Transfers

66.     During the four-year period prior to the Juravin Petition Date, the Debtor, personally and through MCO, transferred substantial sums of money to JINC.

67.     Specifically, the Debtor transferred at least $3,647,214.33 to JINC, as further reflected in the Schedule of Payments, attached hereto as **Exhibit A** (the "JINC Transfers").

68.     The JINC Transfers are transfers of monies obtained by the Debtor through the operation of the fraudulent and deceptive weight-loss scam.

69.     The JINC Transfers were paid to JINC at the Debtor's direction and in his discretion.

70.     Upon information and belief, though JINC was administratively dissolved, the Debtor continues to have access to and control over the JINC financial accounts, and uses those accounts as his own personal piggy bank.

71.     Upon information and belief, Juravin, Incorporated has access to, maintains control over, and utilizes the bank accounts of JINC as its own accounts.

72.     Likewise, Anna Juravin has access to, control over, and utilizes the bank accounts of JINC and Juravin, Incorporated as her own personal piggy bank.

## COUNT I: PIERCING THE CORPORATE VEIL/ALTER EGO
### (Against all Defendants)

73.     The Trustee adopts and realleges paragraphs 1 through 72 as if fully set forth herein.

74.     This is an action seeking to pierce the corporate veil and/or for alter ego against JINC, Juravin, Incorporated (collectively, the "Juravin, Inc. Companies"), and Anna Juravin.

75.     The Debtor and Anna Juravin (collectively, the "Juravins") have always exercised dominion and control over the Juravin, Inc. Companies and used the Juravin, Inc. Companies for personal gain.

76.     The Juravins use the Juravin, Inc. Companies to fund their lifestyle and seek to shield the monies held by the Juravin, Inc. Companies derived from the fraudulent and deceptive weight-loss scam perpetrated by Debtor and the Juravin Entities, or other scams perpetrated by the Juravins, either collectively or separately, from the Estate and the Juravins' creditors by funneling those monies through the Juravin, Inc. Companies.

77.     The Juravins exercise dominion and control over the Juravin, Inc. Companies such that their independent identity is non-existent, and they were and are merely an alter ego of the Juravins.

78.     The Juravins created, either alone or in concert with others, the Juravin, Inc. Companies for an improper purpose since their inception by, inter alia, defrauding their creditors and concealing assets generated by their scams, evading financial obligations, and utilizing the Juravin, Inc. Companies as their personal piggy bank.

79.     The Debtor's creditors and this estate have been harmed by the Juravins' formation and use of the Juravin, Inc. Companies.

WHEREFORE, the Trustee respectfully requests this Court enter final judgment (i) determining that the Juravin, Inc. Companies are an alter ego of the Debtor and Anna Juravin; (ii) determining that the Debtor and Anna Juravin used the Juravin, Inc. Companies for a fraudulent and improper purpose causing injury to the Estate; (iii) piercing the corporate veil; (iv) determining that the Juravin, Inc. Companies and any of their assets, including without limitation, the JINC Transfers in the amount of at least $3,647,214.33 are property of the Estate; and (v) granting such other and further relief as may be just and proper.

### COUNT II: TURNOVER – 11 U.S.C. § 542
**(Against all Defendants)**

80.     The Trustee adopts and realleges paragraphs 1 through 72 as if fully set forth herein.

81.     This is an action for turnover pursuant to Section 542 of the Bankruptcy Code.

82.     The JINC Transfers, in the amount of at least $3,647,214.33, to the Juravin, Inc. Companies constitute property of the Estate to be recovered and administered by the Trustee pursuant to Section 541 of the Bankruptcy Code.

83.     The Juravin, Inc. Companies constitute property of the Estate to be recovered and administered by the Trustee pursuant to Section 541 of the Bankruptcy Code.

84.     Defendant Anna Juravin is included in this count because she may be in possession of the ownership interests, monies, including but not limited to the JINC Transfers, and other assets of the Juravin, Inc. Companies and she may be required to turn over to the Trustee such interests and assets.

85.    As a result of the foregoing, pursuant to Section 542 of the Bankruptcy Code, the Trustee is entitled to the immediate turnover of the Juravin, Inc. Companies, and their value, including but not limited to the value of the JINC Transfers.

WHEREFORE, the Trustee respectfully requests the Court to enter a judgment in favor of the Trustee and against the Defendants (i) declaring that the Juravin, Inc. Companies, and their value, including but not limited to the value of the JINC Transfers of at least $3,647,214.33 to, be immediately delivered and turned over to the Trustee by the Defendants; (ii) granting money damages in the amount of the value of Juravin, Inc. Companies, including but not limited to the value of JINC Transfers of at least $3,647,214.33, plus interest at the applicable federal statutory rate; (iii) requiring the Juravin, Inc. Companies to provide an accounting pursuant to 11 U.S.C. § 542(a); and (iv) granting such other and further relief as may be just and proper.

## COUNT III: ACTUAL FRAUD
### AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
### (Against JINC)

86.    The Trustee realleges paragraphs 1 through 72 as if fully set forth herein.

87.    This is an adversary proceeding to recover fraudulent transfers pursuant to 11 U.S.C. §§ 544(b)(1), 548 (a)(1)(A) and 550, and Florida Statute §§ 726.105(1)(a) and 726.108.

88.    Within four (4) years prior to the Juravin Petition Date, Debtor effectuated the JINC Transfers, in the amount of at least $3,647,214.33, to or for the benefit of JINC.

89.    The JINC Transfers were made with the actual intent to hinder, delay, or defraud present and future creditors of the Debtor.

90.    At the time of the JINC Transfers, Debtor was insolvent or became insolvent shortly thereafter.

91.    Debtor was insolvent at the time of the JINC Transfers in that his liabilities exceeded his assets.

92.    The JINC Transfers are avoidable and should be avoided, pursuant to and under Fla. Stat. §§ 726.105(1)(a), 726.108, and 11 U.S.C. §§ 544(b)(1) and 548.

93.    Under 11 U.S.C. § 550(a), the JINC Trustee may recover the Transfers for the benefit of the estate, to the extent that the JINC Transfers are avoided under 11 U.S.C. §§ 544 and 548 and FUFTA.

94.    There is at least one creditor holding an unsecured claim under 11 U.S.C. § 502 who would have standing to bring a claim under FUFTA.

WHEREFORE, the Trustee demands a judgment against JINC as follows: (i) that the JINC Transfers, in the amount of at least $3,647,214.33, to JINC were fraudulent and avoidable under 11 U.S.C. §§ 544(b), 548(a)(1)(A), and 550, and FUFTA; (ii) avoiding the JINC Transfers to JINC and entering a judgment in favor of the Trustee for the value of the Transfers pursuant to 11 U.S.C. § 550, plus pre-judgment interest from the date of the Transfers and costs of the suit or recovery of the JINC Transfers; (iii) attaching or providing another provisional remedy against the JINC Transfer or other property of the transferee in accordance with applicable law; and (iv) for any such further relief that this Court deems just and proper.

## COUNT IV: CONSTRUCTIVE FRAUD
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
### (Against JINC)

95.    Plaintiff realleges paragraphs 1 through 72 as if fully set forth herein.

96.    This is an adversary proceeding to recover fraudulent transfers pursuant to 11 U.S.C. §§ 544(b)(1), 548 (a)(1)(B) and 550, and Florida Statutes §§ 726.105(1)(b), 726.106(1), and 726.108.

97.     Within four (4) years prior to the Petition Date, Debtor effectuated the Transfers to and for the benefit of the JINC.

98.     Debtor did not receive reasonably equivalent value in exchange for the Transfers.

99.     At the time of the Transfers, Debtor intended to incur, or reasonably should have believed he would incur, debts beyond his ability to pay them as they became due.

100.    At the time of the Transfers, Debtor was insolvent or became insolvent as a result of the Transfers.

101.    At the time of the Transfers, Debtor's liabilities exceeded his assets.

102.    The Transfers are avoidable under Florida Statute §§ 726.105(1)(b), 726.106(1), and 726.108, and 11 U.S.C. § 544(b)(1).

103.    There is at least one actual holder of an allowed unsecured claim under 11 U.S.C. § 502 who would have standing to assert a claim for relief under FUFTA.

104.    Pursuant to 11 U.S.C. § 550(a), the Trustee may recover the Transfers for the benefit of the estate, insofar as the Transfers are avoided under 11 U.S.C. §§ 544, 548 and FUFTA.

WHEREFORE, the Trustee demands judgment against the JINC as follows: (i) that the JINC Transfers, in the amount of at least $3,647,214.33 to the JINC were fraudulent and avoidable under 11 U.S.C. §§ 544(b), 548 (a)(1)(B) and 550, and FUFTA; (ii) avoiding the Transfers to the JINC and entering a judgment in favor of the Trustee for the value of the Transfers, plus pre-judgment interest from the date of the Transfers and costs of the suit or recovery of the Transfers;

[CONTINUES ON NEXT PAGE]

(iii) attaching or providing another provisional remedy against the JINC Transfer or other property of the transferee in accordance with applicable law; and (iv) for any such further relief that this Court deems just and proper.

Dated October 4, 2021.

/s/ Lauren M. Reynolds
Bradley M. Saxton, Esquire
Florida Bar No. 0855995
bsaxton@whww.com
Lauren M. Reynolds, Esquire
Florida Bar No. 112141
Lreynolds@whww.com
**Winderweedle, Haines, Ward**
**& Woodman, P.A.**
Post Office Box 880
Winter Park, FL 32790-0880
(407) 423-4246
(407) 645-3728 (facsimile)
Attorneys for Dennis D. Kennedy,
Trustee

-and-

/s/James D. Ryan
James D. Ryan, Esquire
Florida Bar No. 0976751
jdr@ryanlawgroup.net
lauren@ryanlawgroup.net
**Ryan Law Group, PLLC**
636 U.S. Highway One, Suite 110
North Palm Beach, FL 33408
Main: (561) 881-4447   Fax: (561) 881-4461
Special Counsel to Dennis D. Kennedy,
Trustee

# EXHIBIT A

| | | | | | |
|---|---|---|---|---|---|
| *In re:* Don Karl Juravin | | | | | |
| Case No.: 18-bk-06821-CCJ | | | | | |
| | | | | | |
| Schedule of Payments to Juravin Inc. | | | | | |
| | | | | | |
| During the Period of October 31, 2014 Through October 31, 2018 | | | | | |
| | | | | | |
| *(Sorted Chronologically)* | | | | | |
| | | | | | |
| Institution | Account Name | Account No. | Payee | Date | Amount |
| Bank of America | Must Cure Obesity, Co | x9288 | Juravin Incorporated x5833 | 05/19/15 | (30,000.00) |
| Bank of America | Must Cure Obesity, Co | x9288 | Juravin Incorporated x5833 | 05/21/15 | (39,000.00) |
| Bank of America | Must Cure Obesity, Co | x9288 | Juravin Incorporated x5833 | 05/21/15 | (18,000.00) |
| Bank of America | Must Cure Obesity, Co | x9288 | Juravin Incorporated x5833 | 05/26/15 | (8,000.00) |
| Bank of America | Must Cure Obesity, Co | x9288 | Juravin Incorporated x5833 | 05/29/15 | (8,000.00) |
| Bank of America | Must Cure Obesity, Co | x9288 | Juravin Incorporated x5833 | 06/19/15 | (35,000.00) |
| Bank of America | Must Cure Obesity, Co | x9288 | Juravin Incorporated x5833 | 06/24/15 | (8,000.00) |
| Bank of America | Must Cure Obesity, Co | x9288 | Juravin Incorporated x5833 | 07/01/15 | (8,000.00) |
| Bank of America | Must Cure Obesity, Co | x9288 | Juravin Incorporated x5833 | 07/13/15 | (8,000.00) |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 08/28/15 | (8,000.00) |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 08/31/15 | (18,000.00) |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 09/01/15 | (8,000.00) |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 09/01/15 | (21,500.00) |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 09/02/15 | (5,300.00) |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 09/03/15 | (8,000.00) |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 09/08/15 | (12,000.00) |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 09/09/15 | (18,000.00) |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 09/21/15 | (8,000.00) |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 09/21/15 | (18,000.00) |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 09/23/15 | (18,000.00) |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 03/09/16 | (8,000.00) |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 07/29/16 | (12,800.33) |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 08/01/16 | (17,000.00) |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 10/05/16 | (800.00) |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 10/17/16 | (3,500.00) |

| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 11/17/16 | (5,300.00) | |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 12/27/16 | (8,900.00) | |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 01/30/17 | (8,000.00) | |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 02/21/17 | (1,800.00) | |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 02/27/17 | (14,300.00) | |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 03/23/17 | (8,000.00) | |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 04/03/17 | (2,600.00) | |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 04/24/17 | (10,000.00) | |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 05/01/17 | (1,800.00) | |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 05/12/17 | (18,000.00) | |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 06/23/17 | (26,000.00) | |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 07/13/17 | (8,000.00) | |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 07/24/17 | (17,000.00) | |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 07/26/17 | (11,510.00) | |
| JP Morgan Chase | Must Cure Obesity, Co | x7028 | Juravin Incorporated x8193 | 08/14/17 | (8,000.00) | |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 09/27/17 | (35,000.00) | |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 10/06/17 | (3,500.00) | |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 10/16/17 | (8,000.00) | |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 10/24/17 | (23,500.00) | |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 11/22/17 | (5,300.00) | |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 11/24/17 | (11,000.00) | |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 11/28/17 | (8,000.00) | |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 12/26/17 | (18,000.00) | |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 01/08/18 | (3,500.00) | |
| Fifth Third Bank | Must Cure Obesity, Co | x7822 | Juravin Incorporated x7855 | 01/09/18 | (5,300.00) | |
| Fifth Third Bank | Must Cure Obesity, Co | x7822 | Juravin Incorporated x7855 | 01/16/18 | (1,000.00) | |
| Fifth Third Bank | Must Cure Obesity, Co | x7822 | Juravin Incorporated x7855 | 01/22/18 | (3,500.00) | |
| Fifth Third Bank | Must Cure Obesity, Co | x7822 | Juravin Incorporated x7855 | 01/24/18 | (17,000.00) | |
| Fifth Third Bank | Must Cure Obesity, Co | x7822 | Juravin Incorporated x7855 | 02/05/18 | (7,000.00) | |
| Fifth Third Bank | Must Cure Obesity, Co | x7822 | Juravin Incorporated x7855 | 02/06/18 | (2,500.00) | |
| Fifth Third Bank | Must Cure Obesity, Co | x7822 | Juravin Incorporated x7855 | 02/14/18 | (15,000.00) | |
| Fifth Third Bank | Must Cure Obesity, Co | x7822 | Juravin Incorporated x7855 | 02/20/18 | (10,000.00) | |
| Fifth Third Bank | Must Cure Obesity, Co | x7822 | Juravin Incorporated x7855 | 02/21/18 | (5,300.00) | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Fifth Third Bank | Must Cure Obesity, Co | x7822 | Juravin Incorporated x7855 | 02/23/18 | | (10,000.00) |
| Fifth Third Bank | Must Cure Obesity, Co | x7822 | Juravin Incorporated x7855 | 02/23/18 | | (10,000.00) |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 03/02/18 | | (2,000.00) |
| Fifth Third Bank | Must Cure Obesity, Co | x7822 | Juravin Incorporated x7855 | 03/09/18 | | (5,000.00) |
| Fifth Third Bank | Must Cure Obesity, Co | x7822 | Juravin Incorporated x7855 | 03/19/18 | | (12,000.00) |
| Fifth Third Bank | Must Cure Obesity, Co | x7822 | Juravin Incorporated x7855 | 04/03/18 | | (8,000.00) |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 04/13/18 | | (8,000.00) |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 04/23/18 | | (18,000.00) |
| PNC Bank | Must Cure Obesity, Co | x0358 | Juravin Inc. x0171 | 05/14/18 | | (8,000.00) |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 05/29/18 | | (21,000.00) |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 05/29/18 | | (12,000.00) |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 06/11/18 | | (12,000.00) |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 06/13/18 | | (20,000.00) |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 06/15/18 | | (10,000.00) |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 06/18/18 | | (8,000.00) |
| Fifth Third Bank | Must Cure Obesity, Co | x7822 | Juravin Incorporated x0802 | 06/21/18 | | (29,077.00) |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 07/05/18 | | (5,000.00) |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 07/11/18 | | (10,000.00) |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 07/26/18 | | (6,000.00) |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 07/31/18 | | (5,000.00) |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 08/08/18 | | (3,000.00) |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 08/08/18 | | (4,500.00) |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 08/13/18 | | (20,000.00) |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 08/20/18 | | (3,000.00) |
| TD Bank | Must Cure Obesity, Co | x1735 | Juravin Incorporated x0802 | 09/24/18 | | (5,000.00) |
| **Total Payments from Must Cure Obesity Co. Accounts** | | | | | | **(933,087.33)** |
| Bank of America | Don K Juravin | x5241 | Juravin Incorporated x5833 | 12/23/14 | | (152,000.00) |
| Bank of America | Don K Juravin | x5241 | Juravin Incorporated x5833 | 01/06/15 | | (197,000.00) |
| Chase | Don K Juravin | x8216 | Juravin Incorporated x5833 | 01/08/15 | | (62,000.00) |
| Bank of America | Don K Juravin | x5241 | Juravin Incorporated x5833 | 01/08/15 | | (35,000.00) |
| Chase | Don K Juravin | x8216 | Juravin Incorporated x8193 | 01/22/15 | | (1,700.00) |
| Bank of America | Don K Juravin | x5241 | Juravin Incorporated x5833 | 01/29/15 | | (71,000.00) |
| Bank of America | Don K Juravin | x5241 | Juravin Incorporated x5833 | 01/30/15 | | (80,000.00) |

| Bank of America | Don K Juravin | x5241 | Juravin Incorporated x5833 | 02/17/15 | (18,000.00) | |
| Bank of America | Don K Juravin | x5241 | Juravin Incorporated x5833 | 02/18/15 | (35,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 02/23/15 | (11,051.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 02/24/15 | (45,800.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 02/27/15 | (35,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 03/02/15 | (41,300.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 03/02/15 | (35,000.00) | |
| Bank of America | Don K Juravin | x5241 | Juravin Incorporated x5833 | 03/02/15 | (8,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 03/03/15 | (18,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 03/04/15 | (17,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 03/05/15 | (12,500.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 03/09/15 | (80,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 03/11/15 | (53,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 03/13/15 | (35,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 03/16/15 | (35,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 03/23/15 | (80,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 03/23/15 | (53,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 03/27/15 | (80,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 03/30/15 | (28,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 03/31/15 | (35,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 04/01/15 | (18,000.00) | |
| Bank of America | Don K Juravin | x5241 | Juravin Incorporated x5833 | 04/02/15 | (35,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 04/02/15 | (18,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 04/03/15 | (18,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 04/06/15 | (53,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 04/08/15 | (35,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 04/09/15 | (23,500.00) | |
| Bank of America | Don K Juravin | x5241 | Juravin Incorporated x5833 | 04/10/15 | (53,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 04/10/15 | (17,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 04/16/15 | (80,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 04/17/15 | (27,080.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 04/21/15 | (53,000.00) | |
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 04/28/15 | (53,000.00) | |

| Bank | Payer | Acct | Payee | Date | Amount |
|---|---|---|---|---|---|
| Bank of America | Don K Juravin | x2813 | Juravin Incorporated x5833 | 05/04/15 | (5,300.00) |
| Chase | Don K Juravin | x8216 | Juravin Incorporated x8193 | 10/27/15 | (80,000.00) |
| Chase | Don K Juravin | x8216 | Juravin Incorporated x8193 | 11/15/16 | (15,200.00) |
| Chase | Don K Juravin | x8216 | Juravin Incorporated x8193 | 11/22/16 | (800.00) |
| Chase | Don K Juravin | x8216 | Juravin Incorporated x8193 | 06/19/17 | (756.00) |
| Chase | Don K Juravin | x8216 | Juravin Incorporated x8193 | 07/05/17 | (540.00) |
| Chase | Don K Juravin | x8216 | Juravin Incorporated x8193 | 07/18/17 | (700.00) |
| Chase | Don K Juravin | x8216 | Juravin Incorporated x8193 | 07/27/17 | (600.00) |
| TD Bank | Don K Juravin | x1107 | Juravin Incorporated x0802 | 12/26/17 | (11,000.00) |
| Fifth Third Bank | Don K Juravin | x4858 | Juravin Incorporated x7855 | 04/13/18 | (5,000.00) |
| TD Bank | Don K Juravin | x1107 | Juravin Incorporated x0802 | 06/25/18 | (2,000.00) |
| TD Bank | Don K Juravin | x1107 | Juravin Incorporated x0802 | 07/06/18 | (3,000.00) |
| TD Bank | Don K Juravin | x1107 | Juravin Incorporated x0802 | 07/12/18 | (5,000.00) |
| TD Bank | Don K Juravin | x1107 | Juravin Incorporated x0802 | 07/23/18 | (2,200.00) |
| TD Bank | Don K Juravin | x1107 | Juravin Incorporated x0802 | 07/27/18 | (10,000.00) |
| TD Bank | Don K Juravin | x1107 | Juravin Incorporated x0802 | 08/17/18 | (3,000.00) |
| TD Bank | Don K Juravin | x1107 | Juravin Incorporated x0802 | 08/28/18 | (2,000.00) |
| TD Bank | Don K Juravin | x1107 | Juravin Incorporated x0802 | 09/10/18 | (14,000.00) |
| TD Bank | Don K Juravin | x1107 | Juravin Incorporated x0802 | 09/24/18 | (4,000.00) |
| TD Bank | Don K Juravin | x1107 | Juravin Incorporated x0802 | 10/10/18 | (2,000.00) |
| **Total Payments from Personal Bank Accounts** | | | | | **(2,005,027.00)** |
| Bank of America | Roca Labs Nutraceutical USA, Inc. | x5888 | Juravin, Incorporated BOA x5833 | 11/21/14 | (53,000.00) |
| Bank of America | Roca Labs Nutraceutical USA, Inc. | x5888 | Juravin, Incorporated BOA x5833 | 11/26/14 | (80,000.00) |
| Bank of America | Roca Labs Nutraceutical USA, Inc. | x5888 | Juravin, Incorporated BOA x5833 | 12/15/14 | (53,000.00) |
| Bank of America | Roca Labs Nutraceutical USA, Inc. | x5888 | Juravin, Incorporated BOA x5833 | 12/16/14 | (8,000.00) |
| Bank of America | Roca Labs Nutraceutical USA, Inc. | x5888 | Juravin, Incorporated BOA x5833 | 12/29/14 | (18,000.00) |
| Bank of America | Roca Labs Nutraceutical USA, Inc. | x5888 | Juravin, Incorporated BOA x5833 | 12/30/14 | (8,000.00) |
| Bank of America | Roca Labs Nutraceutical USA, Inc. | x5888 | Juravin, Incorporated BOA x5833 | 01/05/15 | (8,000.00) |
| Bank of America | Roca Labs Nutraceutical USA, Inc. | x5888 | Juravin, Incorporated BOA x5833 | 01/05/15 | (35,000.00) |
| Bank of America | Roca Labs Nutraceutical USA, Inc. | x5888 | Juravin, Incorporated BOA x5833 | 01/07/15 | (35,000.00) |
| Bank of America | Roca Labs Nutraceutical USA, Inc. | x5888 | Juravin, Incorporated BOA x5833 | 01/08/15 | (18,000.00) |
| Bank of America | Roca Labs Nutraceutical USA, Inc. | x5888 | Juravin, Incorporated BOA x5833 | 01/13/15 | (53,000.00) |
| Bank of America | Roca Labs Nutraceutical USA, Inc. | x5888 | Juravin, Incorporated BOA x5833 | 01/16/15 | (53,000.00) |

| Bank of America | Roca Labs Nutraceutical USA, Inc. | x5888 | Juravin, Incorporated BOA x5833 | 01/22/15 | (53,000.00) | |
|---|---|---|---|---|---|---|
| Bank of America | Roca Labs Nutraceutical USA, Inc. | x5888 | Juravin, Incorporated BOA x5833 | 01/28/15 | (80,000.00) | |
| Bank of America | Roca Labs Nutraceutical USA, Inc. | x5888 | Juravin, Incorporated BOA x5833 | 01/29/15 | (25,100.00) | |
| Bank of America | Roca Labs Nutraceutical USA, Inc. | x5888 | Juravin, Incorporated BOA x5833 | 02/04/15 | (14,000.00) | |
| Bank of America | Roca Labs Nutraceutical USA, Inc. | x5888 | Juravin, Incorporated BOA x5833 | 02/10/15 | (80,000.00) | |
| Bank of America | Roca Labs Nutraceutical USA, Inc. | x5888 | Juravin, Incorporated BOA x5833 | 02/13/15 | (35,000.00) | |
| **Total Payments from RLN Accounts** | | | | | (709,100.00) | |
| **Total Payments to Juravin Inc.** | | | | | **$ (3,647,214.33)** | |